UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, by and through his Guardian ad Litem, C.D.,<br><br>    Plaintiff,<br><br>    v.<br><br>MT. DIABLO UNIFIED SCHOOL DISTRICT, and DOES 1-100, inclusive,<br><br>    Defendants. | Case No.: CV 14-02167-KAW<br><br>ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM |

Plaintiff John Doe No. 116 ("John Doe") filed this case on May 12, 2014. He asserts causes of action for negligence, breach of statutory duties and violation of Title IX, 20 U.S.C. § 1681, arising from sexual assaults allegedly committed by John Doe's teacher and employee of Mt. Diablo Unified School District. (Compl., Dkt. No. 1, ¶¶ 6-15.)

C.D., John Doe's biological grandmother, seeks appointment as guardian ad litem for John Doe, who is 19 years old, and has been diagnosed with autism and an intellectual disability. (Pet. for Appointment of Guardian Ad Litem, "Pl.'s Pet.," Dkt. No. 3.) The petition is GRANTED for the reasons set forth below.

## I.   LEGAL STANDARD

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem— or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

An individual's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Under California law, a guardian ad litem may be appointed by the court to represent the interests of an individual who is incompetent and unable to represent his or her own interests in litigation. Cal. Civ. Proc. Code § 372(a). "A court has broad discretion in ruling on a

guardian *ad litem* application." *Williams v. Superior Court of San Diego,* 147 Cal. App. 4th 36, 47 (2007) (*citing In re Emily R.,* 80 Cal. App. 4th 1344, 1356 (2000)). When there is no conflict of interest, the guardian ad litem appointment is usually made on an ex parte application and involves minimal exercise of discretion by the court. *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1149 (1994); *Kulya v. City and County of San Francisco,* No. C 06-06539 JSW, 2007 WL 760776, at *1 (N.D. Cal. Mar. 9, 2007).

## II.   DISCUSSION

John Doe is a 19 year old male with autism and an intellectual disability. (Pl.'s Pet. ¶ 1.) C.D., the child's biological grandmother, raised John Doe and has, at all relevant times, acted on behalf of John Doe in the role of parent and guardian, including representing John Doe in IEP meetings." (Pl.'s Pet. ¶ 4.)  C.D. may serve as his guardian ad litem so long as she does not have an interest adverse to his. *See Williams*, 147 Cal. App. 4th at 50.

This action was brought on John Doe's behalf, and so C.D. complains of the same injury and seeks the same relief. *See Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd*, 212 F. 3d 1338, 1351-53 (11th Cir. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."). Accordingly, the court finds that the appointment of the proposed guardian ad litem is in Plaintiff's best interest.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff's petition for the appointment of C.D. as guardian ad litem is GRANTED.

IT IS SO ORDERED.

Dated: May 27, 2014

KANDIS A. WESTMORE
United States Magistrate Judge