UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>MT. DIABLO UNIFIED SCHOOL DISTRICT,<br><br>        Defendant. | Case No. 14-cv-02167-HSG<br><br>**ORDER DENYING MOTION TO EXCUSE JOHN DOE'S PERSONAL APPEARANCE AT SETTLEMENT APPROVAL HEARING**<br><br>RE: Dkt. No. 58 |

On August 19, 2015, Plaintiff John Doe, through his guardian ad litem Herb Thomas, moved the Court to excuse John Doe's personal appearance at the settlement approval hearing scheduled for September 10, 2015. Dkt. No. 58 ("Mot.").

Under California Rules of Court, Rule 7.952, a "person with a disability must attend the hearing on the compromise of the claim unless the court for good cause dispenses with their personal appearance." Plaintiff's counsel represents that good cause exists to excuse John Doe's personal appearance on September 10, 2015 because he is "unable to comprehend the matters to be discussed" and is "unable to provide competent testimony due to his mental disabilities." Mot. at ¶ 14. Plaintiff's counsel further represents that John Doe's grandmother (and former guardian ad litem in this case) is his only means of transportation to the courthouse, has "shown a complete unwillingness to comply with this Court's order substituting Herb Thomas as guardian ad litem[,]" and is expected to be hostile and disruptive. *Id*.

The Court finds that good cause to excuse John Doe's appearance at the settlement approval hearing has not been demonstrated. The motion filed by Plaintiff's counsel does not represent that John Doe has been informed of the approval hearing, let alone told that his attendance is required by state law. Neither does the motion discuss whether John Doe is

physically able to attend the hearing now that he is believed to live "in a van somewhere in Oregon" with his grandmother. Mot. at ¶ 9. In addition, given that John Doe was deposed in this action, the Court is not persuaded by counsel's bare representation that Plaintiff is so disabled that he cannot comprehend or participate in the proceedings in any way. Finally, that John Doe and his grandmother appear to dispute the reasonableness of the settlement agreement is not a reason for Plaintiff not to attend.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion. Should Plaintiff's counsel wish to renew this motion he must, at a minimum: (1) fully inform John Doe of the upcoming settlement approval hearing and the issues to be decided; (2) convey that California law requires his attendance barring an order by the Court; (3) invite John Doe to attend; (4) make reasonable efforts to arrange for John Doe's transportation to the courthouse; and, if Plaintiff's counsel continues to believe that the severity of John Doe's disabilities preclude his participation in the settlement approval hearing (5) provide medical evidence supporting that position. In addition, any future motion to excuse John Doe's participation must report John Doe's position as to whether he should attend the settlement approval hearing.

**IT IS SO ORDERED.**

Dated: 9/1/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge