UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>   Plaintiff,<br><br>  v.<br><br>MT. DIABLO UNIFIED SCHOOL DISTRICT,<br><br>   Defendant. | Case No. 14-cv-02167-HSG<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO SEAL WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 55, 62 |

   Pending before the Court are two motions to file under seal. Dkt. Nos. 55, 62. The motions seek to seal Plaintiff's petition for approval of the settlement reached in this case and documents accompanying that petition. No oppositions to the motions to seal were filed, and the time to do so has passed.

### I. LEGAL STANDARD

   "Two standards generally govern motions to seal documents . . . . First, a 'compelling reasons' standard applies to most judicial records. This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7). "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, the party seeking to seal a judicial record must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id*. at 1178-79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the

public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*.

The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base it decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*. at 1179. Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law. . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana,* 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476 (9th Cir. 1992).

Because approval of the parties' settlement agreement would terminate this action, the Court considers Plaintiff's administrative motions to seal under the "compelling reasons" standard. *See Keirsey v. eBay, Inc.*, No. 12-cv-1200, 2013 WL 5609318, at *2 (N.D. Cal. Oct. 11,

2013) ("[A] motion seeking the Court's preliminary approval of the settlement of the case may be effectively dispositive. While the Court has not identified any authority discussing the appropriate standard for a motion of this type, the Court concludes that the 'compelling reasons' standard is the appropriate standard.").

## II. DISCUSSION

Plaintiff's motions to seal do not approach the showing necessary to overcome the strong presumption of public access to court documents articulated in *Kamakana*. The parties' preference that their settlement remain confidential does not "outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." 447 F.3d at 1178-79 (internal citations, quotation marks, and alterations omitted). In addition, Plaintiff's motions—which seek to seal the petition for approval and all documents accompanying that petition—are not "narrowly tailored to seek sealing only of sealable material" as required by this Court's Local Rules. *See* Civil L.R. 79-5(b). Any future motion to seal must identify a compelling reason to seal and propose tailored redactions of only the information to which that compelling reason applies.

## III. CONCLUSION

For the foregoing reasons, the parties' administrative motions to seal are **DENIED**. The Court directs the parties to review and strictly comply with Civil Local Rule 79-5.

**IT IS SO ORDERED.**

Dated: September 14, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge