UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MT. DIABLO UNIFIED SCHOOL DISTRICT,<br><br>　　　　Defendant. | Case No. 14-cv-02167-HSG<br><br>**ORDER APPROVING SETTLEMENT**<br><br>Re: Dkt. No. 93 |

　　　　Pending before the Court is Plaintiff's petition, by and through his guardian ad litem, for approval of a settlement. Dkt. No. 93. For the reasons set forth below, the Court approves the settlement.

　　　　Plaintiff John Doe, an autistic and mentally disabled male, filed this action against Defendant Mt. Diablo Unified School District on May 12, 2014. Dkt. No. 1. On May 27, 2014, the Court granted Plaintiff's motion to appoint C.D., Plaintiff's biological grandmother, as guardian ad litem. Dkt. No. 8. On April 27, 2015, the grandmother indicated that she resigned as guardian ad litem. Dkt. No. 33. Based on this communication, Plaintiff moved the Court to appoint Herb Thomas as Plaintiff's independent guardian ad litem; the Court granted the motion on May 12, 2015. Dkt. Nos. 37, 39. On June 23, 2015, Plaintiff, through and by his guardian ad litem, settled the case with Defendant. *See* Dkt. Nos. 49, 58, 80.

　　　　The Court's approval is required before a settlement or compromise of the claim of an incompetent person is enforceable. Cal. Civ. Proc. Code § 372. Any petition for approval of a compromise under § 372 must comply with the requirements of the California Rules of Court 7.950, 7.951, and 7.952.

　　　　The Court first set a hearing for Plaintiff's Petition to Approve the Compromise on

1    September 10, 2015. Plaintiff, through his guardian ad litem, moved to excuse Plaintiff's presence
2    from the settlement hearing under Rule 7.952, which the Court denied. Dkt. No. 61. The Court
3    held that Plaintiff's counsel had failed to establish "good cause" warranting excuse of Plaintiff's
4    personal appearance. Since September 10, the record demonstrates that Plaintiff's counsel has
5    made several attempts to invite and ensure Plaintiff's attendance at a settlement approval hearing.
6    On each occasion, counsel informed Plaintiff of the upcoming approval hearing and requested that
7    he attend. On the most recent occasion, counsel coordinated with Plaintiff to choose a date when
8    Plaintiff was willing to attend. Dkt. No. 88-2. Plaintiff indicated that he was unwilling to go to
9    Court before his birthday on January 27, 2016 and the parties accordingly agreed to schedule the
10   approval hearing for February 4, 2016. The record establishes that Plaintiff's counsel offered to
11   arrange transportation and accommodation to ensure Plaintiff's presence, and that counsel has
12   expressed the importance of Plaintiff's attendance at each hearing. Moreover, the Court has
13   scheduled multiple settlement hearings with the hope that Plaintiff will attend. Despite counsel's
14   persistence, Plaintiff has not appeared at any of the settlement hearings. Given this record, the
15   Court concludes that good cause exists to dispense with the requirement that Plaintiff attend the
16   hearing. *See* Cal. Rules of Court 7.952.
17   Additionally, having reviewed the submitted papers and the requirements under the
18   California rules, the Court finds that the settlement amount is fair, reasonable, and in Plaintiff's
19   best interest. Plaintiff, through his guardian ad litem, has agreed to settle his claims against
20   Defendant in exchange for $800,000. Dkt. No. 93 at 3. The sum of $438,958.97—after payment
21   of attorneys' fees, expenses, amount held in trust for unbilled costs, and a Medi-Cal lien—will be
22   transferred to the trustee of the Special Needs Trust to be established for Plaintiff's benefit.
23   //
24   //
25   //
26   //
27   //
28   //

Based on the foregoing, the Court **GRANTS** Plaintiff's petition for approval of the settlement and directs the establishment of a Special Needs Trust for Plaintiff.  The parties shall promptly file a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

**IT IS SO ORDERED.**

Dated: 2/5/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

3